## Dissolution of Hanover Township Police Pension and Benefit Fund Assn., Inc.

*Thomas P. Gill*, for Commonwealth.
*Nelson A. Bryan* and *Edward D. Morgan*, contra.

PINOLA, J., January 31, 1958.—The Attorney General seeks to intervene in these proceedings in order to protect the interests of the Commonwealth in connection with the distribution of the assets of the association.

Under the Act of May 12, 1943, P. L. 259, as amended 72 PS §2263.1, the State Treasurer has been paying to the Township of Hanover each year, a share of the amount received from the two percent tax paid upon premiums by foreign casualty insurance companies.

Under the law, these funds were paid over by the township to the association in order to provide pension retirement for the policemen of the township and/or the dependents of such policemen.

The Attorney General contends that unless the funds are used for the purpose for which they were donated, they must be returned.

Counsel for the association object to the intervention of the Attorney General because he does not come within the purview of Pa. R. C. P. 2327.

We agree with counsel for the Commonwealth that the State is not governed by this rule and that its right to intervene is conferred by the Act of May 28, 1915, P. L. 616, sec. 1, as amended, 12 PS §145. That act provides:

"In all cases at law or in equity, in any court . . . . in which the Commonwealth . . . . may have any interest, the Commonwealth shall have the right to intervene, and to appear, plead, prosecute, defend, or appeal, as other parties litigant; . . . ."

It is urged that when the money is transferred to the association, the transaction is completed and the State loses all interest. Under the Act of May 28, 1943, supra, there is deducted from the entire amount received by the State Treasurer, "the sum of sixty

thousand dollars ($60,000) to be allocated to the Department of the Auditor General to defray costs and expenses of auditing the funds and accounts receiving disbursement from said entire amount, and the department of the Auditor General shall make such audits of the funds and accounts receiving disbursement from said entire amount."

It is apparent, therefore, that since the Auditor General is directed to audit the funds distributed to the several pension funds, the State would have an interest in seeing to it that the ultimate disposition of an accumulated fund be made in accordance with the purposes specified by law.

Accordingly, we enter the following

*Order*

Now, January 31, 1958, at 3 p. m., the Commonwealth of Pennsylvania is allowed to intervene in this action.